UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
LUMUMBA BANDELE, DJIBRIL TOURE
AND DAVID FLOYD,

                            Plaintiffs,

  -against-

THE CITY OF NEW YORK, POLICE OFFICER
THOMAS STEVENS (Shield #11092), in his
individual and official capacity as an employee
of the City of New York Police Department;
POLICE OFFICERS JOHN DOES ## 1 and 2, in
their individual and official capacities as
employees of the City of New York Police
Department,

                           Defendants.
------------------------------------------------------------X

07 Civ. 3339 (MGC)(JCF)
(ECF CASE)

**COMPLAINT**

**JURY TRIAL DEMANDED**

## **INTRODUCTION**

1.    This is a civil rights action brought by Plaintiffs Lumumba Bandele, Djibril Toure, and David Floyd to seek relief for the Defendants' violations of their rights secured by the Civil Rights Act of and 1871, 42 U.S.C. §1983 and the rights secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New York, Article I, Sections 11 and 12 and the common law of the State of New York. Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just.

2.    Plaintiffs, community activists, bring this action to challenge violations

of their constitutional rights to engage in First Amendment protected activities to document, monitor and deter instances of police misconduct through their work as part of the CopWatch program of the Malcolm X Grassroots Movement, an organization working for self-determination, human rights and freedom for people of African descent. On information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct. Plaintiffs also seek to vindicate their rights to be free of unlawful search, seizure, arrest and use of illegal excessive force by Defendants in retaliation for such activities.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

4. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

5. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because at least one of the Defendants resides in the Southern District.

## JURY DEMAND

7. Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## NOTICE OF CLAIM

8. Within ninety days after claim arose, Plaintiffs filed Notices of Claim upon Defendant City of New York by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

9. The Notice of Claim was in writing, sworn to by Plaintiffs and contained the name and address of the Plaintiffs.

10. The Notices of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiffs.

11. The City of New York has neglected and failed to adjust the claims within the statutory time period.

## PARTIES

12. Plaintiffs Lumumba Bandele ("Bandele"), Djibril Toure ("Toure"), and David Floyd ("Floyd") are African-American citizens of the United States and were, at all times relevant hereto, residents of the State of New York, Kings County.

3

13. Defendant City of New York is a municipal corporation duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City of New York is authorized under the laws of the state of New York to maintain a police department, the New York Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

14. At all relevant times, the City of New York and its NYPD hired, employed, supervised and controlled the individual Defendants.

15. Defendant Police Officer Thomas Stevens ("Stevens"), shield number 11092, is and/or was at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He is duly appointed and acting as a police officer of the NYPD. Stevens is sued in his individual and official capacities.

16. Defendant police officers John Does ## 1 and 2 ("Does") are and/or were at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. Officer Does are duly appointed and acting as police officers of the NYPD. Officer Does are sued in their individual and official capacities.

17. Defendants Stevens and Does ## 1 and 2 were, at all relevant times relevant herein, on duty with the NYPD on February 9, 2005.

18. At all times relevant herein, Defendants Stevens and Does ## 1 and 2 were acting under the color of state law in the course and scope of their duties and functions as agents, employees and officers of the City and/or the NYPD in engaging

4

in the conduct described herein. At all times relevant herein, the individual Defendants have acted for an on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

## STATEMENT OF FACTS

19. Plaintiffs Bandele, Toure and Floyd are African-American males and residents of the State of New York, Kings County.

20. Plaintiffs are members of the Malcolm X Grassroots Movement ("MXG"), a community based organization headquartered in Brooklyn, New York which seeks to politically empower the Black community.

21. Among MXG's work is a program called "CopWatch" through which the organization seeks to expose, document and deter instances of police misconduct and/or abuse in the Black community.

22. MXG has trained its members to patrol communities with video cameras to film instances of police abuse, including abuse committed during the course of arrests, among other methods of observing and documenting police misconduct.

23. Members of CopWatch are trained to abide by the law, not to obstruct or to interfere in any manner with police activities, and to remain a lawful distance from any police officers' activities such as stops, detentions and/or arrests.

5

24. On February 9, 2005 at approximately 12:15 a.m., Plaintiffs Bandele, Toure and Floyd were participating in CopWatch. They were riding in a vehicle near the intersection of Greene Street and Throop Avenue in Brooklyn when they observed a number of NYPD police officers and police cars.

25. Upon exiting their car, Plaintiffs learned that the police were in the process of arresting two people.

26. Plaintiffs Bandele, Toure and Floyd stood on the public sidewalk and began videotaping the scene. They remained, at all times, a lawful distance from the officers and the individuals being arrested and did not interfere with the arrests.

27. Once the arrestees were secured by the officers, Defendant Stevens approached Plaintiffs and ordered them to leave the area. Stevens could clearly see that Plaintiffs were observing, documenting and videotaping the officers' actions. Plaintiffs complied, even though the order was unlawful, and backed up from the scene of the arrests. Their video camera, however, continued to operate.

28. Incensed because Plaintiffs continued to videotape and document Defendants' Stevens and Does' actions, Defendant Stevens, in retaliation, pushed Plaintiffs Bandele and Floyd and knocked their video camera, and Floyd, to the ground. As a result of Defendants' actions, Plaintiffs' camera was knocked down and broken.

29. Defendants Officer Does ## 1 and 2 joined Defendant Stevens in conducting an arrest of Plaintiffs and assisted in placing all three activists into custody. Defendant Does struck each Plaintiffs as he was placed into custody.

6

30. At all times during the encounter with Defendants Stevens and Does ## 1 and 2, Plaintiffs Bandele, Floyd and Toure acted in a lawful manner. Plaintiffs did not resist their illegal arrests in any manner. Plaintiffs Bandele, Floyd and Toure were initially charged with resisting arrest, disorderly conduct and obstruction of governmental administration. These charges were amended to resisting arrest and obstruction of governmental administration. Toure was also charged with assault in the third degree.

31. Plaintiffs were processed and held in jail until their arraignment in Brooklyn Criminal Court approximately 24 hours after their arrests. All were released on their own recognizance.

32. All criminal complaints, allegations and charges were sworn to under oath by Defendant Stevens as true, even though he knew them to be false.

33. On July 17, 2006, all charges were dismissed, with prejudice, on the motion of the District Attorney of Kings County.

34. The Plaintiffs were each required to appear in court on more then ten occasions related to the false criminal charges against them. They incurred legal and other expenses as a result of these wrongful arrest and prosecutions.

35. At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, charge and detain Plaintiffs. Their actions were based on malice and bad faith and were supported by the false statements made by the Defendants under oath.

36. The conduct of the individual Defendants in restraining, arresting, striking, threatening and prosecuting the Plaintiffs proximately caused physical, emotional and financial injury to them, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of their constitutional rights. Plaintiffs Bandele, Toure and Floyd suffered the trauma, debasement and humiliation as a result of being publicly arrested without any cause, and assaulted, unlawfully imprisoned and maliciously prosecuted.

37. At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiffs' rights and physical and mental well-being by arresting, imprisoning and prosecuting Plaintiffs.

38. The actions of the individual Defendants, as set forth herein, were the result of the failure of the City of New York Police Department's failure to properly train, supervise and discipline its officers, including Defendants Stevens and Does ## 1 and 2. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant City of New York and its NYPD. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants.

39. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de

8

facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiffs' constitutional rights which caused the violation of their rights.

40. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

41. The constitutional abuses and violations by Defendant City of New York, through the actions of its NYPD and Defendant Does ## 1 and 2, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by the City of New York.

42. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

43. Defendants' unlawful actions were done willfully, knowingly and with

9

the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

44. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

45. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and First and Fourteenth Amendments
### By All Plaintiffs Against Defendants Stevens and Does ## 1 and 2

46. Plaintiffs repeat and reallege by reference paragraphs 1 through 45 as if fully set forth herein.

47. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights to freedom of speech, assembly and association under the First and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual Defendants have violated Plaintiffs' First Amendment rights to assembly, speech and

10

association by unlawfully denying their right to assemble lawfully in public fora; terminating their lawful assembly; subjecting them to false arrest and illegal excessive force; maliciously prosecuting them to deter the exercise of their First Amendment rights; and interfering with and/or terminating their lawful protected activities of observing and documenting police conduct in a public forum. Defendants' actions were taken in retaliation for Plaintiffs exercising their First Amendment rights.

48. As a consequence of the individual Defendants' actions, Plaintiffs have suffered violations of their First and Fourteenth Amendment rights to free speech, assembly and association. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants done for the purpose of limiting and preventing their First Amendment protective activities.

49. As a direct and proximate result of the individual Defendants' unlawful actions, Plaintiffs have suffered damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments
### By All Plaintiffs Against Defendants Stevens and Doe ## 1 and 2

50. Plaintiffs repeat and reallege by reference paragraphs 1 through 49 as if fully set forth herein.

51. The acts of the individual Defendants, under color of state law, in arresting Plaintiffs Bandele, Toure and Floyd, verbally abusing Plaintiffs, and in physically assaulting Plaintiffs were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiffs' rights, and were designed to,

11

and did, cause specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of their Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

52. As a consequence of the individual Defendants' actions, Plaintiffs have suffered violations of their due process rights under the Fifth and Fourteenth Amendments. Plaintiffs have fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants.

53. As a direct and proximate result of the Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### THIRD CLAIM FOR RELIEF
**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
By All Plaintiffs Against Defendants Stevens and Does ## 1 and 2**

54. Plaintiffs repeat and reallege by reference paragraphs 1 through 53 as if fully set forth herein.

55. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under

the United States Constitution.

56. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### By All Plaintiffs Against Defendants Stevens and Does ## 1 and 2

57. Plaintiffs repeat and re-allege by reference paragraphs 1 through 56 as if fully set forth herein.

58. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiffs of their rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

59. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
### By All Plaintiffs Against Defendants Stevens and Does ## 1 and 2

60. Plaintiffs repeat and reallege by reference paragraphs 1 through 59 as if fully set forth herein.

61. By their conduct, as described herein, and acting under color of state law, Defendants are liable to each Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

62. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiffs of their constitutional rights. The prosecution by Defendants of each Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiffs' arrest, yet Defendants continued with the prosecutions, which were resolved in Plaintiffs' favor.

63. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments
### By All Plaintiffs Against Defendants Stevens and Does ## 1 and 2

64. Plaintiffs repeat and reallege by reference paragraphs 1 through 63 as if fully set forth herein.

65. By their conduct, as described herein, Defendants are liable to each plaintiff under 42 U.S.C. § 1983 for the violation, under color of state law, of the constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

66. As a direct and proximate result of Defendants' unlawful actions,

14

Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### SEVENTH CLAIM FOR RELIEF
### (*Monell* Claim)

67.  Plaintiff repeats and re-alleges by reference paragraphs 1 through 62 as if fully set forth herein.

68.  At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiffs' constitutional rights which caused the violation of such rights.

69.  Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

70.  The constitutional abuses and violations by Defendant City of New York, through the actions of its Police Department and Defendant Does #1 and 2, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to

15

adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of New York.

71. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

72. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

73. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiffs' constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

74. Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

## EIGHTH CLAIM FOR RELIEF
### Article I, Section 11 of New York State Constitution

75. Plaintiffs repeat and reallege by reference paragraphs 1 through 74 as if fully set forth herein

76. The acts of Defendants, acting under color of law, in arresting Plaintiffs and in physically assaulting Plaintiffs were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of their Constitutional rights to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

77. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiffs and violated their rights as guaranteed by the Constitution of the State of New York.

## NINTH CLAIM FOR RELIEF
### Article I, Section 12 of New York State Constitution

78. Plaintiffs repeat and reallege by reference paragraphs 1 through 77 as if fully set forth herein.

79. The acts of Defendants, acting under color of law, in subjecting Plaintiffs to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiffs were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the Plaintiffs in violation of their Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

17

80. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiffs and violated their rights as guaranteed by the Constitution of the State of New York.

### NINTH CLAIM FOR RELIEF
**State Common Law Malicious Prosecution**

81. Plaintiffs repeat and reallege by reference paragraphs 1 through 80 as if fully set forth herein.

82. By their conduct, as described herein, Defendants are liable to Plaintiffs for having committed malicious prosecution under the laws of the State of New York.

83. Defendants maliciously commenced criminal proceedings against Plaintiffs, charging each of them with resisting arrest and obstruction of governmental administration. Plaintiff Toure was additionally charged with assault in the third degree. Defendants falsely and without probable cause charged Plaintiffs with violations of the laws of the State of New York.

84. The commencement and continuation of the criminal proceedings against Plaintiffs was malicious and without probable cause.

85. All charges were terminated in Plaintiffs' favor.

86. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiffs. Defendant City of New York, as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

87. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiffs sustained the damages alleged herein.

## TENTH CLAIM FOR RELIEF
### (*Respondeat Superior*)

88. Plaintiffs repeat and reallege paragraphs 1 through 87 as if fully set forth herein.

89. The conduct of Defendants Stevens and Doe ##1 and 2 occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as New York City Police Officers and while they were acting as agents and employees of the Defendant City of New York. Defendant City of New York is liable to Plaintiffs under the common law doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Plaintiffs' rights under the New York State Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

b. A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiffs all such records and expunge or delete all such information from their records;

c. An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

d. Award Plaintiffs compensatory damages against the Defendants,

including, but not limited to any emotional distress, recompensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

    e.    Award Plaintiffs punitive damages;

    f.    Award attorneys' fees pursuant to 42 U.S.C. § 1988;

    g.    Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

    h.    Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: April 26, 2007

Respectfully Submitted,

*/s/ Kamau Karl Franklin*
Kamau Karl Franklin (KF-6837)
Andrea Costello (AC-6197)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464
(212) 614-6499 (fax)
kfranklin@ccr-ny.org
acostello@ccr-ny.org

*/s/ Robert J. Boyle*
Robert J. Boyle (RB-3568)
LAW OFFICE OF ROBERT J. BOYLE
350 Broadway, Suite 308
New York, NY 10013
(212) 431-0229
(212) 431-0107 (fax)
Rboyle6416@aol.com

ATTORNEYS FOR PLAINTIFFS