UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

LUMUMBA BANDELE, DJIBRIL TOURE and DAVID FLOYD,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, POLICE OFFICER THOMAS STEVENS (SHIELD #11092), in his individual and official capacity as an employee of the City of New York Police Department; POLICE OFFICERS JOHN DOES ##1 and 2, in their individual and official capacities as employees of the City of New York Police Department,

                              Defendants.

------------------------------------------------------------------x

**ANSWER ON BEHALF OF DEFENDANT THE CITY OF NEW YORK AND P.O. THOMAS STEVENS**

07 CV 3339 (MGC)

JURY TRIAL DEMANDED

       Defendants City of New York and Police Officer Thomas Stevens, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

       4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiffs purport to seek declaratory and injunctive relief as stated therein.

       5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

-2-

6.     Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

7.     Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

8.     Deny the allegations set forth in paragraph "8" of the complaint, except admit that a document purporting to be a Notice of Claim pertaining to plaintiff Djibril Toure was received by the City of New York on or about May 9, 2005; a document purporting to be a Notice of Claim pertaining to plaintiff Lumumba Bandele was received by the City of New York on or about October 5, 2006; and a document purporting to be a Notice of Claim pertaining to plaintiff David Floyd was received by the City of New York on or about May 9, 2005.

9.     Deny the allegations set forth in paragraph "9" of the complaint, except admit that the each of the three Notices of Claim referenced in paragraph 8 above were in writing, were sworn to, and each contained the name and purported address of a plaintiff.

10.    Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiffs purport the Notices of Claim set forth claims as stated therein.

11.    Deny the allegations set forth in paragraph "11" of the complaint, except admit that the claims have not been settled.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny the allegations set forth in paragraph "13" of the complaint, except admit that the City of New York is a municipal corporation duly incorporated under the applicable laws and maintains a police department in accordance with applicable laws.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that at the time of the alleged incident defendant Thomas Stevens was a police officer employed by the City of New York.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that at the time of the alleged incident defendant Thomas Stevens was a police officer employed by the City of New York and admit that plaintiffs purport to sue defendant Thomas Stevens in his individual and official capacities.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that on February 9, 2005, defendant Thomas Stevens was on duty with the New York Police Department.

18. The allegations set forth in paragraph "18" of the complaint state legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations set forth in said paragraph.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of so much of paragraph "26" as alleges that Plaintiffs Bandele, Toure and Floyd stood on the public sidewalk and began videotaping the scene.

27. Deny the allegations set forth in paragraph "27" of the complaint, except admit that Defendant Stevens ordered Plaintiffs to leave the area and deny knowledge or information to form a belief as to the truth of so much of paragraph "27" as that the video camera continued to operate.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint, except admit that plaintiffs Bandele, Floyd and Toure were charged with certain offenses.

31. Deny the allegations set forth in paragraph "31" of the complaint, except admit that plaintiffs were released on their own recognizance.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint, except admit that charges were dismissed.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "46," inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "50," inclusive of this answer, as if fully set forth herein.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. In response to the allegations set forth in paragraph "54" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "54," inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "57," inclusive of this answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "60," inclusive of this answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. In response to the allegations set forth in paragraph "64" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "64," inclusive of this answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "67," inclusive of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "75," inclusive of this answer, as if fully set forth herein.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "78," inclusive of this answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "81," inclusive of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Paragraph "85" of the complaint purports to set forth a conclusion of law, rather than averment of fact, and accordingly no response is required. To the extent a response is required, defendants deny the allegations set forth in said paragraph.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. In response to the allegations set forth in paragraph "88" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "88," inclusive of this answer, as if fully set forth herein.

89. Deny the allegations set forth in paragraph "89" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. There was probable cause for plaintiffs' arrests, detentions, and prosecutions.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of non-parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. Plaintiffs provoked the incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

96. Punitive damages are not recoverable against the City of New York.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

97. At all times relevant to the acts alleged in the complaint defendant City of New York, its agents and servants, acted reasonably in the proper and lawful exercise of its discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

98. Plaintiffs have failed to comply with G.M.L. § 50(e) & (i).

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

99. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 30, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants City of New York & Stevens*
                                100 Church Street
                                New York, N.Y. 10007
                                (212) 788-0892

                                By: _____
                                    LINDA DONAHUE
                                    Assistant Corporation Counsel

TO:  Kamau Karl Franklin, Esq
      *Attorney for Plaintiffs*
      Center for Constitutional Rights
      666 Broadway, 7th Floor
      New York, New York 10012
      (212) 614-6464

Index No. 07 CV 3339 (MGC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUMABA BANDELE et al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

**ANSWER ON BEHALF OF THE CITY OF NEW YORK AND THOMAS STEVENS**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Linda Donahue*

*Tel: (212) 788-0892*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ......................................................,2007*

*..................................................................., Esq.*

*Attorney for City of New York*